# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRYANT K. BLOCK, SR.** | : | **DOCKET NO. 05-1428** |
| **VS.** | : | **JUDGE MINALDI** |
| **JO ANNE B. BARNHART,**<br>**COMMISSIONER OF SOCIAL**<br>**SECURITY** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. § 405(g), the undersigned finds that the Commissioner's decision is not supported by substantial evidence in the record.

## BACKGROUND

Bryant K .Block filed applications for Supplemental Security Income payments and Disability Insurance Benefits on August 22, 2002, and September 17, 2002, respectively. (Tr. 72-74, 491-493). He alleged disability since March 31, 2002, due to heart disease, degenerative disc disease, arthritis in the hip joints, and alcoholism. (Tr. 72, 76). His applications were denied initially and upon reconsideration. (Tr. 22-25, 49-51, 55-60, 479-490). Accordingly, Block requested and received an October 14, 2004, hearing before an Administrative Law Judge ("ALJ"). (Tr. 329-364). However, by decision dated November 16, 2004, the ALJ found at Step

Five of the sequential evaluation process that Block was able to make an adjustment to other work that exists in substantial numbers in the national economy, and thus was not disabled under the Act. (Tr. 11-20). Block appealed the ALJ's decision to the Appeals Council. Yet, on June 1, 2005, the Appeals Council denied Block's request for review, and the ALJ's decision became the final decision of the Commissioner. (Tr. 4-6).

On August 4, 2005, Block sought review before this court. Plaintiff contends that the Commissioner erred:

> (1) by positing a defective hypothetical question to the vocational expert at Step Five of the sequential evaluation process.

## STANDARD OF REVIEW

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

When appearing before the ALJ, the plaintiff had the burden of proof to establish a medically determinable physical or mental impairment that prevented him from engaging in any substantial gainful activity for at least twelve consecutive months. *See*, 42 U.S.C. § 1382c(a)(A).

2

A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## DISCUSSION

Issue 1:

The ALJ found at Step Two of the sequential evaluation process that plaintiff suffered from severe impairments consisting of: post coronary artery bypass graft, anxiety disorder, obesity, substance and alcohol addiction, degenerative disc disease, and hypertension. (Tr. 13, 19). However, the ALJ concluded that these impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process. (Tr. 14, 19).

The ALJ next determined that Block retained the residual functional capacity for sedentary work reduced by: the need to sit and stand at will without leaving his workstation; the inability to climb ropes, ladders, and scaffolding, or to stoop; and no exposure to unprotected heights. (Tr. 17, 19).[1] Block is further limited to performing simple, routine work instructions.

---

[1] Sedentary work entails:
> . . . lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a).

*Id.* Because Block was unable to return to his past relevant work, the ALJ proceeded to Step Five of the sequential evaluation process, and consulted a vocational expert ("VE") to aid in determining plaintiff's employability. In his hypothetical to the VE, the ALJ asked the VE to assume someone with the same educational and vocational background as the claimant, and with a residual functional capacity similar to that ultimately adopted by the ALJ.[2]

However, the ALJ's hypothetical (and residual functional capacity determination) are not supported by substantial evidence. In evaluating Listing 12.04, the ALJ determined that Block's ability to maintain social functioning was moderately affected. (Tr. 14). The only psychological evaluations of record (from 1992 and 1999) support this determination. (Tr. 322-336).[3] In 1992, Rodney W. Ruppell, Ph.D., stated that Block seemed socially inadequate, introverted, and fearful and suspicious of others. *Id.* In 1999, Carmen Kaimann, Ph.D. noted that Block appeared cautious and distrustful of others, and prone to exhibit paranoid mentation. *Id.* Block reported irritability with others. *Id.*

Block's social limitations as recognized by the ALJ, but not incorporated in the

---

[2] One material discrepancy between the hypothetical and the ALJ's residual functional capacity determination is that in the former, the ALJ included the ability to occasionally stoop, whereas in the latter, the ALJ determined that Block could never stoop. Accordingly, it is questionable whether the hypothetical reasonably incorporated the disabilities and limitations recognized by the ALJ. *See, Bowling v. Shalala*, 36 F.3d 431 (5th Cir. 1994). This inconsistency can be addressed by the Commissioner upon remand. *See* discussion, *infra.*

[3] The Commissioner now faults Block for failing to attend a consultative medical examination at the initial level of the administrative process. (Def. Memo., pg. 3). However, in his request for reconsideration, Block stated that he did not attend the consultative medical exam because he had moved to a new address and never received the information. (Tr. 53). Indeed, he was homeless at the time. (Tr. 518). If he had known of the appointment, Block said that he would have gone. (Tr. 53). There is no indication that the Commissioner attempted to reschedule the examination.

hypothetical posited to the VE, render the hypothetical defective. Thus, the Commissioner did not carry her burden of establishing that Block could perform available work despite his impairments and associated limitations. *Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001).[4]

Accordingly, it is RECOMMENDED that this matter be REVERSED and REMANDED to the Commissioner for further proceedings consistent with this opinion.

Under the provisions of 28 U.S.C. §636(b)(1)(c), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on October 11, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[4] We further observe that the record does not contain any medical assessments of the physical or mental limitations imposed by plaintiff's impairments. In the absence of other evidence establishing the claimant's residual functional capacity, physical and mental assessments by medical sources are critical. *See, Butler v. Barnhart*, Case Number 03-31052 (5th Cir. 06/02/2004)(unpublished)(In the absence of medical opinion or evidence establishing that the claimant could perform the demands of a given exertional level, the ALJ's determination is not supported by substantial evidence).